# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **In Re Subpoena Issued to the United States Department of Education.** | **Miscellaneous Case 2:18-mc-18**<br>**Judge George C. Smith**<br>**Magistrate Judge Chelsey M. Vascura** |

## OPINION AND ORDER

The United States Department of Education initiated this miscellaneous action in this Court by filing a Motion to Quash Subpoena (ECF No. 1). Aaron Farrer, the plaintiff in the underlying action, sued the University of Indiana and various University officials under Title IX of the Educational Amendments of 1972, 20 U.S.C. §§ 1681, *et seq.*, and 42 U.S.C. § 1983. He alleges, *inter alia*, that Defendants expelled him from Indiana University in response to pressure exerted on the University from The United States Department of Education to aggressively pursue disciplinary actions against male students for alleged sexual misconduct. Plaintiff further alleges that pressure from the Department of Education resulted in an erroneous outcome in his case.

As part of his attempt to show that the Department of Education exerted such pressure, Plaintiff issued a subpoena to the Department of Education's Office for Civil Rights on December 27, 2017. The subpoena listed five categories of documents; however, Plaintiff subsequently narrowed the request to the following two categories:

> (1) All document(s) and communication(s) created between April 4, 2011 and August 7, 2015 – which DOE neither provided to IU nor received from IU – that related to any sexual misconduct investigations(s) DOE conducted regarding IU's implementation of Title IX, and
>
> (2) All document(s) and communication(s) created between April 4, 2011 and

August 7, 2015 – which DOE neither provided to IU nor received from IU – that related to any sexual misconduct complaint the Department received regarding IU's implementation of Title IX.

On January 31, 2018, the Department of Education moved to quash the subpoena. Plaintiff opposes the Department's motion and has moved to compel production of documents in the two above-described categories. This matter is now before the Court on the parties' motions (ECF Nos. 1 and 4).

The Department of Education refused to provide documents in response to the subpoena on the ground that Department regulations, enacted pursuant to the Supreme Court's decision in *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), permit it to withhold requested documents at the discretion of the Secretary of Education or her designee. Candice Jackson, Acting Assistant Secretary for Civil Rights, is the Secretary's designee. Ms. Jackson determined that production of the documents requested by Plaintiff would be contrary to the interests of the Department of Education and the United States. The Department of Education asks the Court to quash the subpoena on that basis.

Plaintiff opposes the Department's motion to quash and asks the Court to compel production on the ground that *Touhy* regulations do not supplant the Federal Rules of Civil Procedure or wrest authority from this Court to compel production under Rule 26(b). The Department of Education opposes Plaintiff's motion to compel on the same *Touhy* regulation ground that it asserts in support of its motion to quash. It also argues, in its memorandum in opposition to Plaintiff's motion to compel, that documents in the two above-described categories are not relevant to Plaintiff's allegation that Defendants imposed discipline on him as a result of pressure from the Department of Education.

The Federal Rules of Civil Procedure grant parties the right to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). *Relevance* is construed very broadly for discovery purposes. *See Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). However, the concept of relevance is not unlimited. *Averett v. Honda of Am. Mfg., Inc.*, No. 2:07-cv-1167, 2009 WL 799638, at *2 (S.D. Ohio March 24, 2009). The burden of demonstrating relevance is on the party issuing the subpoena. *Am. Electric Power Co., Inc. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999) (citing *Katz v. Batavia Marine & Sporting Supplies*, 984 F.2d 422, 424-25 (Fed. Cir. 1993)). *See also Berryman v. Supervalu Holdings, Inc.*, No. 3:05-cv-169, 2008 WL 4934007, at *9 (S.D. Ohio 2008) ("At least when the relevance of a discovery request has been challenged the burden is on the requestor to show the relevance of the requested information") (internal citation omitted)).

To satisfy the discoverability standard, the information sought must have more than minimal relevance to the claims or defenses. *Vaigasi v. Mgmt. Corp.*, No. 11 Civ. 5088, 2016 WL 616386, at *7 (S.D.N.Y. Feb. 16, 2016). *See also Jenkins v. Pech*, No. 8:14CV41, 2015 WL 728305, at *4 (D. Neb. Feb. 19, 2015) (minimal relevance insufficient to support issuance of subpoena). Information that is "negligibly relevant [ or] minimally important in resolving the issues" does not satisfy the standard. *See VHT, Inc. v. Zillow Grp., Inc.*, No. C15-1096JLR, 2016 WL 7077235, at *1 (W.D. Wash. Sept. 8, 2016).

Under Rule 45 of the Federal Rules of Civil Procedure, a party may command a nonparty to produce documents. Fed. R. Civ. P. 45(a)(1). Rule 45 permits the Court to quash a subpoena that subjects a non-party to undue burden. Fed. R. Civ. P. 45(c)(3)(A)(iii), (iv). Although Rule 45 does not specifically include irrelevance as a basis for quashing a subpoena, "the scope of

discovery under a subpoena is the same as the scope if discovery under Rule 26." *Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 253 (S.D. Ohio 2011) (internal citation and quotation marks omitted).  When a nonparty challenges a subpoena on grounds that the request is over-burdensome, the party seeking the discovery must establish that the information sought is relevant.  *See Spartanburg Reg. Healthcare Sys. v. Hillenbrand Indus.*, No. 1:05-mc-107, 2005 WL 2045818, at *4 (W.D. Mich. Aug. 24, 2005).  Courts will balance the need for the discovery against the burden imposed on the person ordered to produce documents, and that person's status as a nonparty is a factor weighing against disclosure.  *See Katz*, 984 F.2d at 424.

The Department of Education's primary basis for resisting the subpoena in this case is that its designated official has declined to permit production under its *Touhy* regulations.  Plaintiff counters that the *Touhy* regulations do not permit the Department to evade discovery requests that comply with the Federal Rules of Civil Procedure.  *See, e.g., United States v. Blue Cross/Blue Shield of Mich.*, No. 10-14155, 2012 WL 4513600, at *5 (E.D. Mich. Oct. 1, 2012).  Even if Plaintiff is correct in his formulation of the applicable law, however, he must still demonstrate that the requested documents are more than minimally relevant in order to gain production.  He has not done so.

The theory of relevance under which Plaintiff seeks the two categories of documents identified above is that they will help him to prove that Defendants "unlawfully expelled Farrer in part to prove to [the Department of Education] that IU was correcting its alleged past failure to discipline male students accused of sexual misconduct."  (Mot. to Compel 1, ECF No. 4 at PAGEID #382).  In other words, Plaintiff alleges that Defendants succumbed to pressure from the Department of Education to find him guilty of sexual misconduct. So, to be relevant, the documents must have some tendency to support that theory.

Plaintiff has described the categories he seeks as explicitly excluding documents of which Defendants would have known. Both categories include only documents "which DOE neither provided to IU nor received from IU." So, responsive documents relate to the Department's investigation of Indiana University and to communications the Department received about sexual misconduct complaints related to that investigation *but only to the extent that those documents were not shared with Defendants or received from Defendants*.

Plaintiff is certainly correct in asserting that the requested documents may illuminate the Department's motivations as they relate to the University. The Department is not a party, however, and its motivations are not at issue. They are not relevant. Its *actions* directed at the University and its *interactions* with the University are relevant to the extent that they may support Plaintiff's theory that Defendants acted in response to those actions and not solely on the basis of the evidence sexual misconduct by Plaintiff. The problem with the subpoena is that it explicitly excludes documents that would tend to illustrate those actions and interactions. It requests only documents that could *not* have motivated Defendants because they were unknown. Although the requested documents may serve to demonstrate a motivation within the Department to apply pressure to the University, the documents are only negligibly relevant to Plaintiff's claims because they do not serve to clarify Defendants' motivations, which are at issue. Any documents or communications from the Department of Education to the University or from the University to the Department that may bear on the factors motivating Defendants should be in the University's possession and obtainable from Defendants.

For that reason, the Court concludes that the two categories of subpoenaed documents described above are not relevant to Plaintiff's claims. The Department of Education's Motion to Quash Subpoenas (ECF No. 1) is **GRANTED**. Plaintiff's Motion to Compel a Subset of

Documents Sought in Plaintiff's Subpoena to the United States Department of Education (ECF No. 4) is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

    /s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE